## S. E. HALLA v. ART INGALLS.[1]

January 11, 1929.

No. 27,084.

*Sasse, French & Dunnette,* for appellant.
*Wright, Nelson & Plunkett,* for respondent.

STONE, J.

In this action for the agreed price of a washing machine a verdict was directed for plaintiff, and defendant appeals from the order denying his motion for a new trial.

Plaintiff retails the "Easy Vacuum Electric Washer," a machine manufactured by Syracuse Washing Machine Corporation. He sold one to defendant under a written contract bearing date of February 20, 1926. The price was $165, payable $10 in cash and the balance in monthly instalments of $19.38. Several of these monthly instalments were paid and then, defendant refusing further payments, this action for the balance resulted. The defense is fraud, the deceit consisting in the making of alleged representations of the first-class quality of the machine, when in fact, as defendant avers, the machine was not in first-class condition when he purchased it.

At the trial counsel for defendant in his opening statement appears to have made it clear that whatever initial defects the machine had were made good by the manufacturer—"that a factory representative had furnished to the defendant a new wringer, replaced

[1]Reported in 222 N. W. 920.

the vacuum cups, and * * * made some repairs on the machine." The opening statement of defendant's counsel was not made a matter of record and so is no part of the settled case. Therefore we could predicate no action on it one way or the other did it not appear very clearly from the record of the trial below and from the argument here that the case has proceeded upon the theory that whatever the defects in the machine when it was sold, they were made good by the manufacturer; and there is no proof and no offer of proof of the damage, if any, which had been sustained by defendant in the meantime through the defective condition of the machine.

Whether the machine was sold to defendant with an express warranty by the manufacturer does not satisfactorily appear. But it does appear that the manufacturer acknowledged and performed the obligation, whether to plaintiff or defendant or both is immaterial, to make good such defects as there were in the machine when sold. The manufacturer was not a stranger to the contract of sale in such fashion that plaintiff cannot take advantage of its performance of the contractual obligations for which he, plaintiff, was primarily responsible. He had purchased the machine from the manufacturer, and so there was that transmission of title and successive relationship to the same property which creates privity. If, then, the manufacturer has made good whatever defects there were, plaintiff is entitled to the advantage. He is in the same position as though what has been done by the manufacturer had been done by himself. That of course would not relieve him from the claim for damage, if any, caused defendant by reason of the defective operation of the machine before it was repaired. But, as already indicated, there is nothing in the record to indicate what that damage was.

Order affirmed.